JESSE F. RANKIN, PETITIONER-RESPONDENT, v. BOARD OF EDUCATION OF EGG HARBOR TOWNSHIP AND MELISSA H. ADAMS, RESPONDENTS-PROSECUTORS.

Submitted May 7, 1946—Decided July 10, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the petitioner-respondent, *Louis D. Champion.*

For the respondents-prosecutors, *William D. Charlton.*

The opinion of the court was delivered by

BODINE, J. The writ in this case brings before us a decision of the State Board of Education holding that the Board of Education of the Township of Egg Harbor, Farmington, New Jersey, in awarding the contract for bus route No. 8 to Melissa H. Adams was unauthorized and illegal, with instructions to such board to call for new proposals and to award the contract in accordance with the state law to the lowest responsible bidder.

It appears from the testimony that a Mr. Moyer, a Ford dealer in Pleasantville, was requested by the prosecutor of the writ and by Mr. Rankin to procure a school bus. Such bus was procured complying with state regulations.

It appears that the local Board of Education at its meeting on May 14th, 1945, received two bids pursuant to its proposal: one from Melissa H. Adams for $6,400 and one from Jesse F. Rankin for $5,500. Both bids were rejected. Proposals were again received at the meeting on June 7th, 1945: Melissa H. Adams, $6,421.60; Jesse F. Rankin, $5,300. Both bids were rejected. On Tuesday, July 17th, 1945, proposals were received as follows: Melissa H. Adams, $6,421.60; Jesse F. Rankin, $5,500. The Rankin bid was rejected and the contract was awarded to Melissa H. Adams for a period of four years.

The local board had supplemented the state regulations with respect to bus transportation, claiming that it was in the interest of the safety of the traveling students.

It was claimed at the meeting, where Mr. Rankin's bid was rejected, that his bid did not meet with the specifications. It is clear, however, that it met with the state specifications. There was unchallenged testimony that in re-writing the specifications there had been a request to the Ford dealer from the husband of the successful bidder for a description of a school bus around which the specifications could be written and which bus she alone could procure and a competitor could

not duplicate. So the specifications were re-written. It was not denied that the plan was well executed.

The advertisement for bids for transportation of school children is provided for in *R. S.* 18:14–11. It would seem implicit from the statute that the State Board had the right of review, since it is called upon to require information with respect to the proposed contracts.

The enumerated powers and duties of the State Board, under *R. S.* 18:2–4, are very broad. The statute was designed to give that Board general supervision and control of public instruction. The mere circumstance that the county superintendent of schools approved the contract did not deprive the Commissioner of Education or the Assistant Commissioner, under *R. S.* 18:3–2, subdivision (d), to hear the controversy. There was certainly a controversy under the rules and regulations of the State Board by reason of the departure of the local board from the rules laid down by the State Board.

It is not necessary to examine the case with respect to proof as to the relationship of the favored bidder and a member of the local board, but there seems no reason whatever why the award of such contract should not now be set aside and the local board proceed to advertise for new proposals in compliance with the state law.

We are not unmindful that a municipal body may, in the exercise of an honest judgment, award a contract for a specific apparatus and not necessarily to the lowest bidder. See *Hahn Motor Truck Corp.* v. *Atlantic City,* 6 *N. J. Mis. R.* 234; *Peter's Garage* v. *Burlington County,* 121 *N. J. L.* 523; affirmed, 123 *Id.* 227. It is perhaps true that the wording of *R. S.* 40:50–1, involved in the aforestated case, is somewhat different from the wording of the statute involved in this case, namely, *R. S.* 18:14–11. Each, however, requires competitive bidding which aims to prevent "dishonesty, chicanery and fraud" and not, as indicated, to "throttle the exercise of honest judgment within prescribed limits." *Hammonton* v. *Elvins,* 101 *Id.* 38, 41.

The statutory requirements may not be designed to be all-inclusive. The specifications must, of course, comply with those provided by the statute but there is nothing to prevent

a local board, in the exercise of its honest judgment, additionally to protect the safety of the children. But the undenied proofs show a determination, at all costs, to favor the thrice high bidder. Courts cannot close their eyes to the end result and find that the result was fair when the means were foul.

The action of the State Board of Education is affirmed, and the writ will be dismissed, with costs.